MARTHA H. REYBINE, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF ALPHEUS REYBINE, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60660. Promulgated October 12, 1934.

*Brooks Fullerton, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency in estate tax of $8,100. The only question for decision is whether or not the proceeds of two policies of insurance in the Connecticut Mutual Life Insurance Co. should be included in the decedent's gross estate. The Commissioner added 62.13 percent of the proceeds and post mortem dividends of four policies, including these two, to the reported gross estate in determining the deficiency. The Commissioner amended his answer to plead affirmatively that the donor retained the right to change beneficiaries and therefore the entire proceeds and post mortem dividends on these two policies should be included in the gross estate. He concedes in his brief that two of the four policies should not be included in the gross estate and now contends that only the proceeds and dividends of the two Connecticut Mutual policies should be included in the gross estate. The petitioner contends that the proceeds and dividends of none of the policies should be included in the gross estate. The facts of record were stipulated

The decedent died on August 31, 1929. He was survived by his wife, Martha, and three minor children, Eleanor, Robert, and Lawrence. The decedent had executed three trust indentures on June 10, 1925, in which he named the United States Mortgage & Trust Co. and William B. Ward trustees. Each trust instrument names one of the three children of the grantor as principal beneficiary. The instruments are identical except for the names of the children and the same kind and amount of property was placed in each trust. The grantor stated in each instrument that it was his intention to make the trust the beneficiary of certain insurance policies on his life, and, in case he did so, the premiums thereon, paid out of the trust property, were to be held to be for the use and benefit of the beneficiary and the trustees were authorized to pay the premiums out of trust income so long as they thought such payments were not depriving the beneficiary of needed education and support during minority or proper care in illness during majority. The grantor retained the power to name the trust as beneficiary under any policy of insurance taken out on his life, to remove either trustee or any successor, and to name a successor or additional trustees to have all of the rights, powers, and duties of the original trustees. He agreed to execute any further assignments or instruments which the trustees might deem necessary to effectuate the purpose of the trust. Each trust was for the life of the child named, then for the life of the mother, with remainder to others named. The grantor retained no power to revoke any of the three trusts. Ward died in February 1929, and on March 6, 1929, Martha H. Reybine was appointed trustee in his place.

A policy in the amount of $50,000 was assigned to the trustees for Eleanor on July 2, 1925, by a change of beneficiary clause making it payable to "U. S. Mortgage & Trust Company of New York and William B. Ward, in trust." Another policy in the amount of $20,000 was assigned to the trustees for Lawrence on July 14, 1925, by an endorsement thereon changing the beneficiary to "United States Mortgage & Trust Company and William B. Ward, trustees under the trust dated June 10, 1925, for the benefit of Lawrence H. Reybine." The respondent now concedes that these policies have no place in the decedent's gross estate.

Policy No. 537418 of the Connecticut Mutual Life Insurance Co. in the amount of $30,000 on the life of the decedent—

* * * was assigned to the trustees under the trust agreement for the benefit of Lawrence H. Reybine, by a change of beneficiary clause as follows:

To the Connecticut Mutual Life Insurance Company:

I hereby waive the privilege of making any change in the benefit of policy No. 537,418 on my life, under the change of beneficiary provision thereof during the continuance of the trusteeship of the United States Mortgage & Trust Company and William B. Ward, trustees, under the trust dated June 10, 1925, for the benefit of Lawrence H. Reybine.

Dated at New York this 14th day of September, 1925.

ALPHEUS REYBINE,
*Insured.*

Witness:
JOHN DAMM

This policy thus endorsed was delivered to the trustees under the trust for Lawrence and was held by them at the death of the insured. These trustees then collected the proceeds of the policy and held them under the trust for the benefit of Lawrence.

Policy No. 537417 of the Connecticut Mutual Life Insurance Co. in the amount of $50,000 on the life of the decedent "was assigned to the trustees under the trust agreement for the benefit of Robert F. Reybine, by a change of beneficiary clause" like the one above quoted on policy No. 537418. This policy thus endorsed was delivered to the trustees under the trust for Robert and was held by them at the death of the insured. These trustees then collected the proceeds of the policy and held them under the trust for the benefit of Robert.

The decedent paid the premiums on all four policies for 1925, 1926, and 1927. The premiums on the policies for 1928 and 1929 were paid by the respective trusts. The decedent paid 62 percent of the total premiums on policy No. 537418 and 61.96 percent of the total premiums on policy No. 537417. The 1929 premiums were paid in June 1929.

The executrix filed an estate tax return on which she reported insurance proceeds in the net amount of $186,822.51, but she did not report any of the four policies above mentioned.

Section 302 of the Revenue Act of 1926 is in part as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death;

\*     \*     \*     \*     \*     \*     \*

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

Article 25 of Regulations 70 (1929 ed.) provides that insurance shall be deemed to have been taken out by the decedent " in the proportion that the premiums paid by him bear to the total of premiums paid " and article 28 provides that a corresponding proportion of the policy value shall be included in the gross estate. Article 27 provides that " all insurance in excess of $40,000 receivable by beneficiaries other than the estate, regardless of when taken out, must be included in the gross estate where the decedent during his life retained legal incidents of ownership in the policies of insurance, as, for example, a power to change the beneficiary \* \* \*."

The rationale of the respondent is that since the decedent waived his right to change the beneficiaries in the two Connecticut Mutual policies only " during the trusteeship " of the two original trustees and reserved to himself the right to remove those trustees, therefore he retained the power to change the beneficiary of each policy, a legal incident of ownership, and an interest in the policies subject to estate tax. He does not claim that the decedent retained an interest in the policies of any other kind or in any other way or that there is any other basis for his contention.

The stipulation is not entirely clear as to who was named as beneficiary in the two Connecticut Mutual policies. However, a failure of proof would cut both ways, for the Commissioner has made an affirmative plea in regard to a part of the proceeds of each of these two policies. The language in the endorsements on the two Connecticut Mutual policies upon which the Commissioner relies is ambiguous. Still we are unable to adopt the respondent's interpretation of those endorsements. It is reasonably clear from all of the facts that the decedent intended the three trusts to be identical and to provide equally for his three children. The language of the endorsements when read in connection with the provisions of the trust instruments indicates that the decedent retained no rights in the policies. Premiums on the two policies in question were paid by the trusts. Those for 1929 were paid after Ward had died and his successor had been appointed. Thereafter a court would probably have denied to the decedent any right, such as the respondent con-

tends he had, to change the beneficiary of either policy to defeat the interest of the trust. The decedent at the time of his death had no taxable interest in either of the Connecticut Mutual policies.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

VAN FOSSAN dissents.

ADAMS, dissenting: The waiver under consideration reads as follows:

To the Connecticut Mutual Life Insurance Co.:

I hereby waive the privilege of making any change in the beneficiary of policy No. 537418 on my life, under the change of beneficiary provision thereof *during the continuance of the trusteeship of the United States Mortgage & Trust Company and Wm. B. Ward, trustees,* under the trust dated June 10, 1925, for the benefit of Lawrence H. Reybine. [Emphasis supplied.]

The effect of the majority opinion is to read out of the waiver the provision that it shall be effective during the continuance of the trusteeship of the United States Mortgage & Trust Co. and Wm. B. Ward, trustees, and make it read:

I hereby waive the privilege of making any change in the beneficiary of policy No. 537418 on my life, under the change of beneficiary provision thereof during the continuance of the trust dated June 10, 1925, for the benefit of Lawrence H. Reybine.

So read, it is not the waiver executed by Alpheus Reybine. It is unambiguous and should be construed strictly according to the clear import of its language. Its terms cannot be extended by construction, the language being clear.

As I read this waiver, it was executed under the express condition that it was to be valid so long, and only so long, as the United States Mortgage & Trust Co. and Wm. B. Ward acted as trustees. Reybine reserved the right in the trust instrument to remove either or both of the trustees or any successor and name successors or additional trustees at his pleasure.

It is clear that had the waiver not been executed, the proceeds of the two policies in question would have constituted a part of the gross income of the estate. *Chase National Bank* v. *United States,* 278 U. S. 327. Had Reybine not executed the waiver, he would have been free to change the beneficiaries named in the policies at any time. Having executed a conditional waiver and that condition having arisen, it ceased to be effective and Reybine had the same power to change the beneficiaries in the policies which he had before its execution. I think that under the terms of the waiver it was revocable upon the condition therein stated and, the condition having arisen, it no longer had any legal effect.

The assignment of the policies here was not such as to take away from Reybine the right to change the beneficiaries in the policies as was the case in *Guettel* v. *United States*, 67 Ct. Cls. 613. There, there was an absolute and unconditional assignment of a policy *for value received*, by the terms of which the insured was divested of all rights and title to the policy and all beneficial interest therein vested in the assignee. After the assignment, the insured was without authority to change the beneficiary or exercise any control, whatever, over the policy during the existence of the assignment. We have no such situation here.

I am of the opinion that the proceeds of the policies numbered 537417 and 537418 should be included in the decedent's gross estate, subject to such adjustments as may have arisen by reason of some of the premiums having been paid by the trust.

MORRIS, LEECH, and TURNER agree with this dissent.